IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC ROSE, 37097-177, | § | |
| *ALSO KNOWN AS* JOHN WAYNE | § | |
| Petitioner, | § | |
| | § | **3:11-CV-417-P** |
| v. | § | **3:07-CR-169-P** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant

28 U.S.C. § 2255.

## I.    Procedural Background

Petitioner was charged in a four count superceding indictment with possession with intent

to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 941(a)(1) and

(b)(1)(B)(iii), possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(1)(A), and two counts of possession of firearms subsequent to a felony

conviction in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1).  On October 30, 2007, the

government filed a written Sentencing Enhancement Information stating that upon conviction

under count two, the government would seek a life sentence under 18 U.S.C. § 3559(c).

After a one day bench trial, Petitioner was convicted on all counts.  The Court sentenced

Petitioner to two concurrent 360-month sentences, and a mandatory consecutive life sentence on

count two for possession of a firearm in furtherance of a drug trafficking crime.

On November 6, 2009, the Fifth Circuit Court of Appeals affirmed the conviction and

sentence.  *Rose v. United States*, 587 F.3d 695 (5th Cir. 2009).  The Supreme Court denied a

Page 1

petition for writ of certiorari.

On March 1, 2011, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255.  He

argues:

(1)     The Court erred in not conducting a competency hearing;

(2)     Petitioner was wrongfully denied a jury trial; and

(3)     The Court lacked jurisdiction to enhance Petitioner's sentence.

On June 15, 2011, the government filed its answer.  On January 31, 2012, Petitioner filed

a supplemental petition raising the following claims:

(1)     Petitioner's sentence violates the Sentencing Guidelines;

(2)     Petitioner's prior convictions were too old to be used as enhancements;

(3)     Petitioner's *Miranda* rights were violated;

(4)     The evidence was insufficient to sustain the convictions; and

(5)     His sentence constitutes cruel and unusual punishment.

## II. Discussion

## 1.      Procedural Bar

The claims Petitioner raised in his March 1, 2011, petition are procedurally barred.  The

petition alleged: (1) the Court erred in not conducting a competency hearing; (2) Petitioner was

wrongfully denied a jury trial; and (3) the Court lacked jurisdiction to enhance Petitioner's

sentence.  Petitioner did not raise these claims on direct appeal.

When a defendant fails to raise a claim on direct appeal, the claim is procedurally

defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to

raise the claim on direct appeal, and actual prejudice, or that he is actually innocent.  *Bousley v.*

*United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995).

In this case, Petitioner states his appellate counsel did not raise these claims on direct appeal. An attorney's failure to raise these claims on appeal, however, does not establish cause for a procedural default unless the attorney is shown to be constitutionally ineffective. *Coleman v. Thompson*, 501 U.S 722, 752; *cf.*, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (finding attorney error may establish cause for the failure to raise an ineffective assistance of counsel claim on collateral review). Petitioner, however, has not raised any ineffective assistance of counsel claims. He has therefore failed to establish cause for the procedural default. These claims are dismissed as procedurally barred.

**2.    Statute of Limitations**

On January 31, 2012, Petitioner filed a supplemental petition. He added the following claims: (1) Petitioner's sentence violates the Sentencing Guidelines; (2) Petitioner's prior convictions were too old to be used as enhancements; (3) Petitioner's *Miranda* rights were violated; (4) The evidence was insufficient to sustain the convictions; and (5) Petitioner's sentence constitutes cruel and unusual punishment.

The Court has severed Petitioner's Sentencing Guidelines claim from this action and is considering the claim as a motion to reduce sentence under 18 U.S.C. § 3553(c)(2) pursuant to a reduction in the Sentencing Guidelines range for certain crack cocaine offenses.

Petitioner's remaining claims are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.

L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period

shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final.  *See*

28 U.S.C. § 2255(1).  In this case, the Supreme Court denied certiorari on March 22, 2010.

Petitioner then had one year, or until March 22, 2011, to file these claims.  He did not file the

claims until January 31, 2012.  The claims are therefore untimely.

**3.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124,

Page 4

128 (5th Cir.1996)).  Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not argued that he was prevented in some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.  Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are dismissed with prejudice.

IT IS SO ORDERED.

Signed this 22n day of August, 2012.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE